IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA L. BARNES PLAINTIFF

v. Civil No. 07-2141

MICHAEL J. ASTRUE, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sandra Barnes, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed her applications for DIB and SSI on November 29, 2005, alleging an onset date of May 30, 2004, due to fibromyalgia, fatigue, and depression. (Tr. 41, 67, 82, 86, 100, 106). An administrative hearing was held on April 5, 2007. (Tr. 170-190). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 37 years old and possessed a high school education. (Tr.64). The record reveals that she had past relevant work experience ("PRW") as a secretary, collection clerk, and personnel clerk. (Tr. 24, 74-77).

On July 2, 2007, the Administrative Law Judge ("ALJ") determined that plaintiff suffered from a severe impairment due to fibromyalgia associated with diffuse myalgias, joint pain, and fatigue, but she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 17-25). The ALJ found that plaintiff maintained the RFC to perform the full range of sedentary work. (Tr. 22). With the assistance of a vocational expert, the ALJ determined that plaintiff could return to her PRW as a collection clerk, secretary, and personnel clerk. (Tr. 24).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on November 2, 2007. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. #12, 13).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

AO72A
(Rev. 8/82)

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion:**

Plaintiff contends that the ALJ failed to properly consider her depression in combination with her physical impairment. Although he concluded that plaintiff's fibromyalgia constituted a severe impairment, he determined that her depression was non-severe. The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991) (citing *Johnson v. Secretary of Health & Human Servs.*, 872 F.2d 810, 812 (8th Cir. 1989). In the present case, therefore, the ALJ was obligated to consider the combined effect of [Plaintiff]'s physical and mental impairments. *Id.* at 484 (citing *Reinhart v. Secretary of Health & Human Servs.*, 733 F.2d 571, 573 (8th Cir. 1984) and *Wroblewski v. Califano*, 609 F.2d 908, 914 (8th Cir. 1979)). The Social Security Act requires the Commissioner to consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000).

In the present case, medical records reveal that plaintiff has been diagnosed with and consistently treated for fibromyalgia. "Fibromyalgia is a common nonarticular disorder of unknown cause characterized by achy pain, tenderness, and stiffness of muscles, areas of tendon insertions, and adjacent soft tissues." THE MERCK MANUAL 321 (18th ed. 2006). It can be exacerbated by environmental or emotional stress, poor sleep, trauma, or exposure to dampness or cold. *Id*. Patients with fibromyalgia tend to be "stressed, tense, anxious, fatigued, striving, and sometimes depressed." *Id*.



AO72A
(Rev. 8/82)

A lack of understanding from the medical community can make many fibromyalgia sufferers "feel isolated and alone," causing them to experience chronic depression alongside their illness. *See Depression and Fibromyalgia*, *at* www.fibromyalgia-symptoms.org. Fibromyalgia patients who suffer with depression tend to be less active, resulting in increased pain and suffering. *Id*. As such, we believe that remand is necessary to allow the ALJ to reconsider plaintiff's depression in combination with her fibromyalgia. While it is true that plaintiff did not consistently seek treatment for depression, she did seek consistent treatment for fibromyalgia. Because these two conditions are related, we find that further evaluation is necessary.

We also note that the record does not contain an RFC assessment. An ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). Because the record does not contain an RFC assessment, this case must be remanded for further consideration. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). In so doing, the ALJ should also question plaintiff's treating physicians concerning the severity of her mental impairment and its impact on her physical abilities.

**AO72A**
**(Rev. 8/82)**

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of December 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)